NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ROSHANAK KHADEM, AKA Roxanne
Khadem, AKA Roxy Khadem,

Defendant-Appellant.

No.    22-50245

D.C. No.
2:18-cr-00288-SVW-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted November 16, 2023[**]
Pasadena, California

Before:  RAWLINSON, HURWITZ, and OWENS, Circuit Judges.

Roshanak Khadem challenges her sentence for conspiracy to commit

healthcare fraud.  As the parties are familiar with the facts, we do not recount them

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

here.[1]  We affirm.

Khadem did not object to her sentence below but now argues that the sentencing judge failed to "adequately explain" it.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  "Where a procedural sentencing error is raised for the first time on appeal, it is reviewed for plain error."  *United States v. Rangel*, 697 F.3d 795, 800 (9th Cir. 2012) (citation omitted).  The sentencing judge's explanation of Khadem's sentence was not plainly erroneous, particularly given that the sentence's one-month upward departure from the Guidelines range was "minor." *Gall*, 552 U.S. at 50 ("[A] major departure [from the Guidelines range] should be supported by a more significant justification than a minor one.").  The sentencing judge "set forth enough" to show that he "considered the parties' arguments and ha[d] a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007) (citation omitted).  He sentenced Khadem after a two-day sentencing hearing, explained the variance between the Guidelines range and the sentence, and referenced Khadem's offense, history, and characteristics.

Despite this adequate justification, Khadem contends that the sentencing

---

[1] Khadem's Motion to Strike Government's Answering Brief, filed May 11, 2023, is **DENIED**.  Khadem has made no showing that the government violated Federal Rule of Appellate Procedure 28 or its obligations under the plea agreement by citing the Presentence Investigation Report in its brief.

judge did not explain the components of her sentence. To the extent that this argument is a disguised attempt to challenge the sentencing judge's calculation of the Guidelines range, it fails. At the sentencing hearing, defense counsel agreed that the Guidelines range was calculated correctly given the sentencing judge's findings. On appeal, Khadem alleges that the sentencing judge never made those findings. The record belies this assertion. The sentencing judge determined Khadem's criminal history category, the loss amount, and the applicability of the leadership-role enhancement and did not plainly err in doing so.

**AFFIRMED.**